UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TYSHAWN SANDIFER,

            Petitioner,            Case No. 2:09-cv-77

v.                                        Honorable Robert Holmes Bell

GERALD HOFBAUER,

            Respondent.
_____

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner is currently incarcerated at the Marquette Branch Prison. He pleaded guilty in the Kent County Circuit Court to one count of first-degree home invasion, MICH. COMP. LAWS § 750.110a(2) and one count of assault with intent to do great bodily harm, MICH. COMP. LAWS § 750.84. He was sentenced to terms of incarceration of 57 months to 20 years and 57 months to 10 years, respectively. (Pet. at 1, docket #1.)

Petitioner committed the underlying offense on January 1, 1998 and pleaded guilty on November 28, 2000. (Attach. to Pet. at 3., docket #1-3.) Plaintiff was sentenced on February 1, 2001. As his sole ground for relief, Petitioner argues that his rights under the Ex Post Facto Clause were violated. (Pet. at 6.) He asserts that incorrect sentencing guidelines were used and that the guidelines used were only applicable to offenses committed after January 1, 1999. (Attach. to Pet. at 3-4.)

Raising the same ground, Plaintiff filed a delayed application for appeal with the Michigan Court of Appeals on August 2, 2008. The delayed application was denied for "lack of merit in the grounds presented" on September 4, 2008. (Sept. 4, 2008 Order, MCOA Docket #287030.) Petitioner then sought leave to appeal to the Michigan Supreme Court, which was denied on November 25, 2008 because the court was "not persuaded that the question presented should be reviewed." (Nov. 25, 2008 Order, Mich. Supreme Ct. Docket #137368.) Therefore, Petitioner's claims are timely and exhausted.

**Discussion**

The Constitution prohibits states from imposing ex post facto laws. U.S. CONST. art. I, § 10, cl. 1. "The ex post facto prohibition forbids the Congress and the States to enact any law

'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.'" *Weaver v. Graham*, 450 U.S. 24, 28 (1981) (citing *Cummings v. Missouri*, 4 Wall. 277, 325-326 (1867)).  "An ex post facto law possesses two elements: (1) 'it must apply to events occurring before its enactment,' and (2) 'it must disadvantage the offender affected by it.' " *Dyer v. Bowlen,* 465 F.3d 280, 285 (6th Cir. 2006) (quoting *Lynce v. Mathis,* 519 U.S. 433, 441 (1997)); *Michael v. Ghee*, 498 F.3d 372, 380 (6th Cir. 2007).

Petitioner asserts that he was incorrectly sentenced according to guidelines that were not effective at the time he committed the offense underlying his conviction for first-degree home invasion.

> "At the time offenses occurred (i.e. January 1, 1998), the judicial sentencing guidelines in effect at that time did not include the offense of Home Invasion First-degree.  However, the prosecution recommended that the trial court follow the subsequently newly enacted statutory guidelines for the offense of Home Invasion First-degree at the time of sentence.

(Attach. to Pet. at 3 (internal citations omitted).)  Petitioner was convicted of first-degree home invasion under MICH. COMP. LAWS § 750.110a(2). (Pet. at 1.)  According to MICH. COMP. LAWS § 750.110a(5), "[h]ome invasion in the first degree is a felony punishable by imprisonment for not more than 20 years or a fine of not more than $5,000.00, or both."   The language regarding punishment for first-degree home invasion in MICH. COMP. LAWS § 750.110a has been the same since it was added and became effective on October 1, 1994.  (*See* 194 Mich. Legis. Serv. P.A. 270 (1994); 1999 Mich. Legis. Serv. P.A. 44 (1999).)  The sentence imposed was within the statutory limits of the statute effective at the time of the offense and sentencing. Moreover, because no prior sentencing guideline was in place at the time of the offense, application of the subsequently enacted

guideline did not impose a sentence in excess of that previously prescribed. Therefore, the Ex Post Facto Clause was not violated even if the sentencing court considered sentencing guidelines enacted after the offense was committed. Petitioner was not punished for an act that was not punishable at the time it was committed. Petitioner was not given a sentence that was longer than was prescribed by the applicable statute at the time the offense was committed. Therefore, Petitioner fails to raise a meritorious federal claim.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not

warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated: May 8, 2009                         /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           UNITED STATES DISTRICT JUDGE